The opinion of tho Court was delivered by
Tox>x>, J.
The defendant is appellant from a sentence of nine months’ imprisonment at hard labor in the penitentiary. He was indicted for an assault with a dangerous weapon, with intent to kill and murder, and convicted.
The only question involved in this appeal, relates to the ruling of the Judge who presided at the trial, in refusing to grant the defendant a continuance. The following are substantially the facts bearing on this point:
The indictment against the defendant was returned into Court, and filed on the 21st of October, 1881; the accused being at the time confined in the parish jail.
On the 25th of the same month, he was arraigned and pleaded not guilty, and declaring himself unable to employ counsel, an attorney was appointed to defend him, who declined the appointment.
On the 1st of November, the same attorney, Judge Blackman, filed in court a written statement, declining to defend the accused under the appointment referred to, and gave, under oath, his reasons therefor. Among them was, that the accused had informed him that he was able to employ counsel if time were allowed him to correspond with his friends in another State, who would assist him, and that he, the accused, owned property there, and that he, Blackman, believed this information to be true.
Thereupon, the accused asked for a continuance, which was refused, and though, on that day, the accused was without counsel, no other-attorney was appointed to defend him.
On the next day, 2d November, the ease was called for trial, and just before going into the trial, another attorney was appointed to defend the accused, with whom the accused was allowed one hour to confer. *101 At the expiration of the hour, or before, the accused made another application for a continuance. His affidavit, in support of the motion, set forth in substance, that he liad a good defense to the charge preferred against him, if opportunity were allowed him to establish it; that he was an entire stranger in the community, his residence being in another State, and did not even know the names of his witnesses, and that he had had no counsel to give him the information and to assist him in preparing his defense, and had been in close confinement since his arrest under the charge; that he possessed property in Alabama, and had friends there who would willingly assist him, and that he was thus able to employ and pay counsel of his choice, if time were allowed him to procure the means to do so; that the attorney who had just been assigned him, had informed him that it was impossible for him, the attorney, to make a proper defense without time being allowed to make preparation therefore, and that it was impossible for him, the accused, to have a fair trial at that session of court, which would be held only three days longer, and that the application was not made for delay, but to obtain substantial justice, etc. This application was refused, the trial was gone into without further delay, and the accused convicted.
We have no hesitation is saying, that under the circumstances stated, and inasmuch as the sworn statements of accused and the counsel were not traversed, or their correctness in any manner impugned, and we must accept them ás true, that the ruling of the Judge was clearly erroneous. Indeed, the boasted constitutional guarantees given to insure a fair and impartial trial to an accused, would be the veriest mockery, were the ruling complained of to be maintained, and all relief denied the defendant. The Judge seems, in this instance, to have reversed the legal maxim, that all men are presumed innocent until proved guilty, and acted on the presumption that he was guilty, and that the proceedings must be shaped to establish his guilt, and secure his speedy punishment. There may have been excellent reasons for this in the mind of the Judge, but the record is entirely silent as to the same. We cannot perceive what possible chance an innocent man would have had, under the circumstances shown, to establish his innocence or escape conviction. The sentence must be set aside, and the accused afforded an opportunity to obtain the substantial justice he has thus far claimed in vain.
It is therefore ordered, adjudged and decreed, that the verdict and sentence .appealed from be annulled, avoided and reversed, and the case remanded to the lower court to be proceeded with according- to law.